IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL LAVON GIPSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0987 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Michael Lavon Gipson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2003 state court felony conviction. Respondent filed a motion for summary judgment. (Docket Entry No. 9.) Petitioner filed a response and supporting documents. (Docket Entries No. 10, 11, 12.) After considering the pleadings, the motion and response, the state court record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background*

The record shows that petitioner was convicted of aggravated robbery on May 28, 2003 and sentenced to thirty-five years incarceration. His conviction was affirmed on May 13, 2004. *Gipson v. State*, No. 01-03-00581-CR (Tex. App. – Houston [1st Dist.] 2004, pet. ref'd) (not designated for publication). The Texas Court of Criminal Appeals denied his

application for state habeas relief on February 22, 2006, without a written order on findings of the trial court without a hearing. *Ex parte Gipson*, Application No. 63,242-01, at 2.

Petitioner raises the following grounds for habeas relief in the instant petition:

(1)    ineffective assistance of appellate counsel;

(2)    ineffective assistance of trial counsel in failing to

        (a)    object to a venire member whose comments tainted the jury panel;

        (b)    test the State's evidence for DNA;

        (c)    investigate the crime scene;

        (d)    file a pretrial motion to suppress the evidence;

        (e)    request a speedy trial;

        (f)    object to the State's closing argument;

(3)    trial counsel had a conflict of interest in representing petitioner; and

(4)    improper closing argument by the State.

Respondent argues that these grounds fail as a matter of law.

*The Applicable Legal Standards*

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254.  Under the AEDPA, federal relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as

determined by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 409.  In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues.  Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003).  A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330-31.

3

*Ineffective Assistance of Appellate Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

4

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id*.

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts that, if proven, would show that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. *See Strickland*, 466 U.S. at 687-88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts*, 469 U.S. at 394; *West*, 92 F.3d at 1396. Nor will counsel be deficient for failing to press a frivolous point. *U.S. v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful. *Strickland*, 466 U.S. at 690-91.

5

Petitioner argues that appellate counsel was ineffective in failing to challenge the factual sufficiency of the evidence on direct appeal.  In rejecting this argument, the state habeas court made the following relevant findings:

> The applicant fails to allege sufficient facts which, if true, would show that trial or appeal counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

> Applicant fails to show that his appellate counsel's conduct was deficient or that had appellate counsel made different arguments, the results of the proceeding would have been different.

*Ex parte Gipson*, pp. 37-38 (citations omitted).  In arguing that this finding was contrary to or an unreasonable application of *Strickland* or an unreasonable determination of the facts, petitioner simply avers that "A trial [sic] of evidence to Gipson is not correct when other individuals were there too."  (Docket Entry No. 11, p. 3.)  This averment fails to establish deficient performance or prejudice under *Strickland,* and fails to rebut the presumed correctness of the state court's findings with clear and convincing evidence.

Regardless, the underlying claim holds no merit.  Under Texas state law in effect at the time of petitioner's appeal, a state appellate court reviewing the factual sufficiency of the evidence to support a criminal conviction views all the evidence without the prism of "in the light most favorable to the prosecution," and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  *Clewis v. State*,

922 S.W.2d 126, 129 (Tex. Crim. App. 1996).   This review, however, must employ appropriate deference to prevent an appellate court from substituting its judgment for that of the fact finder, and any evaluation should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *Jones v. State*, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

The record in the instant case shows that the complainant, a motel clerk, was robbed at gunpoint in the motel's office by a black male wearing a black jacket and ski mask.[1]  S.F. Vol. III, p. 13-22.  After stuffing the cash into a plastic bag, the suspect ran out the office door just as the clerk's husband was driving up.  *Id*., p. 37.  The husband observed the suspect jump over a nearby fence, dropping money from the ripped plastic bag as he ran.  *Id*., p. 38.  The husband flagged down a police officer, who radioed an alert.  *Id*., p. 51. Petitioner was apprehended a few minutes later on a public school basketball court a short distance from the motel.  *Id*., p. 61.  Officers found a black jacket, plastic bag, duct tape, a gun, and cash in a shed next to the basketball court.  *Id*., p. 73.  When he was apprehended, petitioner had $262.00 on his person, and his shoes matched a shoe print found at the motel's office.  *Id*., pp. 130, 168.  A trained police dog led the officers to the place where petitioner was apprehended.

---

[1]Petitioner claims that because the stolen money belonged to the motel, not the motel clerk, there was no robbery.  His argument is incorrect under state law. *See* TEX. PENAL CODE § 1.07(a)(35)(A) (defining "owner" as a person who has title to or possession of the property, or a greater right to possession of the property than the defendant).

By arguing in the instant case that the "trail of evidence" against him was insufficient because "other individuals were there too," petitioner fails to meet his burden of proof under either *Clewis* or the deferential review provisions of AEDPA.  An independent review of the state court record fails to show that but for appellate counsel's failure to challenge the factual sufficiency of the evidence, the result of petitioner's appeal would have been different.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

### *Ineffective Assistance of Trial Counsel*

Petitioner claims that trial counsel failed to (1) object to a venire member's comments that tainted the venire panel; (2) test the State's DNA evidence; (3) investigate the crime scene; (4) file a pretrial motion to suppress the evidence; (5) request a speedy trial; (6) or object to the State's closing argument.  Petitioner also asserts that trial counsel had a conflict of interest in representing him.

In rejecting petitioner's claims of ineffective assistance of trial counsel, the state habeas court made the following relevant findings:

1.      The applicant fails to allege sufficient facts which, if true, would show that trial or appeal counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct,

8

there is a reasonable probability that the result of the proceeding would have been different.

2.     The applicant fails to overcome the presumption that trial counsel's decision not to object was made in the exercise of reasonable professional judgment, and the applicant fails to meet his burden in showing that his attorney was ineffective for failing to object.

3.     The applicant fails to show that his trial counsel's pre-trial motions fell below an objective standard of reasonableness or that the outcome of the case would have been different but for these alleged deficient motions.

5.     The totality of the representation afforded the applicant was sufficient to protect his right to reasonably effective assistance of counsel in the primary case.

6.     Because the applicant failed to raise on direct appeal his instant claims that the prosecutor made improper comments, the applicant is procedurally barred from raising the claim in the instant proceeding.

7.     In the alternative and without waiving the foregoing, the applicant fails to allege sufficient facts which, if true, would show that his due process rights were violated by prosecutorial misconduct.

*Ex parte Gipson*, pp. 37-39 (citations omitted).

Each of petitioner's instances of alleged ineffective assistance of trial counsel will be addressed separately, as follows.

*Comments by Venire Member*

Petitioner asserts that during voir dire, venire member number 22 made prejudicial comments about petitioner.  The record shows the following:

THE COURT:     No. 22, can you come up please.

(The following proceedings were had at the bench:)

THE COURT:          Is it deputy Segura?

VENIREPERSON:  Yes, sir.

THE COURT:          No. 22 on the panel?

VENIREPERSON:  Yes, sir.

THE COURT:          Whether or not you recognize the defendant or not, would

you be able to be fair to him?

VENIREPERSON:  I believe so.

THE COURT:          You've used the words I believe so.

VENIREPERSON:  Well, I can, I can.  I will.

THE COURT:          Where do you think you recognize him?

VENIREPERSON:  Well, I work in the law library, in 701 jail and also in

1301 jail.

THE COURT:          Okay. You've answered the question.

VENIREPERSON:  Yeah.

S.F. Vol. II, pp. 106-07.  Petitioner complains that trial counsel should have objected to the

venire person's comment regarding his recognition of petitioner, as it suggested petitioner

frequented the local jails.  However,  this exchange took place at the bench, and there is no

probative evidence establishing that it was heard by any venire member.  Moreover, the state

habeas court found that petitioner failed to overcome the presumption that trial counsel's

10

decision not to object was made in the exercise of reasonable professional judgment. *Ex parte Gipson*, p. 37. An objection to the comment would have emphasized the venire member's remarks, and brought it to the attention of the venire members who did not hear it. Accordingly, petitioner establishes neither deficient performance nor prejudice in this instance.

The state habeas court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*DNA Testing*

Petitioner argues that counsel should have (1) tested all of the State's evidence for exculpatory DNA, and (2) introduced into evidence the State's own DNA testing. In support, petitioner simply avers that, "The state failed to use DNA evidence which would have shown petitioner was not the secretor [sic] of the evidence seized" (Docket Entry No. 10, p. 2), and that "A proper testing of DNA, which all counties do now days and is certainly common police work would have shown petitioner was not the sectretor [sic]" (Docket Entry No. 11, p. 2). Petitioner contends that, "If the State had his DNA then they most certainly would have used such." (Docket Entry No. 12, p. 2.)

Petitioner presents no probative evidence that DNA testing would have been beneficial to his defense in this aggravated robbery case. Further, that the State did not use the purported DNA testing results does not prove that the results were exculpatory; the results may have been inconclusive, or the testing materials (*e.g.*, a jacket, duct tape, ski mask, and gloves) may not have yielded useable results. Petitioner's conclusory allegations are insufficient to raise a genuine issue of material fact precluding summary judgment. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Neither deficient performance nor prejudice are shown under *Strickland*.

The state habeas court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Crime Scene Investigation*

Petitioner complains that counsel failed to visit or investigate the crime scene. He contends that had counsel visited the scene, he would have been able "to cross examine the state witness about the exits and entries to this basketball court. Climbing over the wall is not feasible." (Docket Entry No. 11, p. 2.) The record shows that counsel did cross-examine a police officer regarding the height of the retaining wall, during which counsel elicited testimony that the twelve-foot high concrete wall would be "pretty hard to scale." S.F. Vol.

12

III, p. 82.  However, the officer also testified that the position where the trained police dog stopped on the one side of the wall, was the same exact spot where the suspect's gloves were found on the opposite side of the wall.  *Id*., p. 83.  Petitioner presents no probative evidence regarding  favorable omitted evidence of entrances and exits to the basketball court.

Nothing in the record establishes that counsel did not visit the crime scene, or that but for counsel's purported failure to personally view the crime area, there is a reasonable probability that the results of the trial would have been different.  Petitioner fails to demonstrate either deficient performance or prejudice.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Motion to Suppress Evidence*

Petitioner claims that counsel was deficient in failing to suppress "illegally seized" items of evidence, because "no witnesses or evidence link[ed] him to the crime at the time of arrest." (Docket Entry No. 1, p. 10.)  The record shows that the disputed items – a gun, plastic bag containing cash, duct tape, and items of clothing – were found abandoned or hidden on public school property.  The items were not found on petitioner's person or property, nor did he assert any actual or equitable rights to the items.  In short, petitioner

established no standing to assert a Fourth Amendment violation regarding the items.  A person who is aggrieved by an illegal search and seizure only through the introduction of evidence secured by a search of a third person's premises or property has not had his Fourth Amendment rights infringed.  *Rakas v. Illinois*, 439 U.S. 128, 133 (1978); *see also U.S. v. Krout*, 66 F.3d 1420, 1430-31 (5th Cir. 1995).

Petitioner fails to establish that had counsel raised a motion to suppress, it would have been granted.  Counsel is not ineffective for failing to pursue meritless motions or futile objections.  *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  Petitioner demonstrates neither deficient performance nor prejudice under *Strickland*.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Motion for Speedy Trial*

Petitioner argues that because he remained jailed for over fifteen months prior to trial, counsel was ineffective in failing to request a speedy trial.  Petitioner was arrested on March 13, 2002, and trial commenced May 27, 2003, a delay of approximately fourteen months. The record shows that petitioner personally signed agreed case resettings on April 12, 2002 and May 9, 2002.  C.R. at 9, 13.  The trial court granted counsel's motion for an investigator

14

to locate potential witnesses on June 24, 2002. *Id.* at 59.  On November 1, 2002, the court granted petitioner's motion for continuance based on the State's notice of intent to introduce DNA evidence.  Trial was reset for March 3, 2003. *Id.* at 76.  On March 4, 2003, the court granted the State's motion for continuance based on the unavailability of a material witness. Petitioner personally signed the agreed form resetting trial for May 19, 2003. *Id.* at 91.  Trial began on May 27, 2003.  Thus, the record shows agreed resettings, delays due to investigations, and continuances granted at the request of both parties.

The record does not show that petitioner requested counsel to file a motion for speedy trial.  Although petitioner filed numerous *pro se* pretrial motions, a motion for speedy trial is not among them.  C.R. at 14; 19, 24, 40, 44, 49, 60, 92, 97.   The record does reflect that an unsigned, handwritten motion to dismiss for denial of a speedy trial was filed the day of trial, but no presentation of or ruling on the unsigned motion appears in the record.

The Supreme Court has held that there are four factors to consider in reviewing a habeas petitioner's speedy trial claim. These are: (1) the length of the delay; (2) the reason for the delay; (3) the petitioner's assertion of his right to a speedy trial; and (4) prejudice resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  Petitioner presents no probative evidence that a motion for speedy trial would have been granted under *Barker*, or that but for counsel's failure to file such motion, there is a reasonable probability that the results of his trial would have been different.

Petitioner's allegations of a speedy trial violation and prejudice are conclusory. Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990).

The state habeas court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*State's Closing Argument*

Petitioner complains that during closing argument, the State stated or suggested that he was a "crack smoker." He provides no relevant cite to the record. A review of the State's closing arguments at both the guilt-innocence and punishment phases of trial fails to reveal any remark or suggestion by the State that petitioner smoked crack. Petitioner fails to show either deficient performance or prejudice under *Strickland*, and no grounds for habeas relief are shown.

The state habeas court denied relief on this issue. Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No

basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Conflict of Interest*

Petitioner claims that trial counsel was conflicted and ineffective because he "filed 2 state bar grievances against his court appointed lawyer for not talking, communicating or writing to petitioner" and for "not filing motions of speedy trial, suppress evidence unlawfully obtained, independent testing of State's DNA."   (Docket Entry No. 11, p. 2.)

An "actual conflict," for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance. *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002). To the extent petitioner claims that counsel's performance was adversely affected because he failed to file the requested motions, this Court determined that petitioner failed to demonstrate that the motions held merit or benefit.   Further, petitioner's conclusory allegations that counsel did not talk, communicate, or write to him are unsupported in the record and he fails to establish adverse performance by counsel.

The state habeas court denied relief on this issue.  Petitioner fails to show that the state court's determination was contrary to or involved an unreasonable application of *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment on this issue.

*Improper Closing Argument by the State*

Petitioner complains that the State violated his rights to due process and a fair trial by calling him a "crack smoker" during closing argument.  In rejecting this claim, the state habeas court made the following findings:

> Because the applicant failed to raise on direct appeal his instant claims that the prosecutors made improper comments, the applicant is procedurally barred from raising the claim in the instant proceeding.
>
> In the alternative and without waiving the foregoing, the applicant fails to allege sufficient facts which, if true, would show that his due process rights were violated by prosecutorial misconduct.

*Ex parte Gipson*, p. 38 (citations omitted).  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.  Accordingly, this claim is procedurally defaulted and barred from consideration by this Court.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Federal habeas relief will not be granted on a procedurally defaulted claim unless the petitioner can demonstrate both good cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  Petitioner neither shows nor argues the existence of factual grounds for application of an exception, and the Court is barred from consideration of his argument.  *See Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997).

Regardless, this Court already noted that a review of the State's closing arguments fails to reveal any such remark or suggestion by the State.  Petitioner's claim is unsupported by the record, and respondent is entitled to summary judgment on this issue.

*Conclusion*

The motion for summary judgment (Docket Entry No. 9) is GRANTED.  Petitioner's petition for habeas relief is DENIED and this case is DISMISSED with prejudice.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on April 5, 2007.

_____
Gray H. Miller
United States District Judge

19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL LAVON GIPSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0987 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

## FINAL JUDGMENT

For the reasons set out in the Court's *Memorandum Opinion and Order* of even date,

this case is DISMISSED with prejudice.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on April 5, 2007.

_____
Gray H. Miller
United States District Judge